UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

Suez Rajan Limited

And

Suez Hans Limited,

      Plaintiffs                Case No.. _____

v.

The Sanko Steamship Co., Ltd.

      Defendant, and

Philips 66 Company,

Chevron U.S.A., Inc.,

BP Products North America,

Transammonia, Inc.,

      Garnishees.

_____/

**VERIFIED COMPLAINT WITH**
**<u>REQUEST FOR WRITS OF MARITIME GARNISHMENT</u>**

Plaintiffs Suez Rajan Limited and Suez Hans Limited (collectively, "Plaintiffs")

sue The Sanko Steamship Co., Ltd. ("Sanko") quasi in rem as follows:

Jurisdiction and Venue

      1.      This is an action within this Court's admiralty jurisdiction pursuant to 28

U.S.C. § 1333, 28 U.S.C. § 1330, Supplemental Rule B, and Fed. R. Civ. P. 9(h).

2.    Venue is proper in this Court because the Garnishees are located and can be found in this District.  Defendant cannot be not found in this District within the meaning of Supplemental Rule B.

### The Parties

3.    Suez Rajan Limited and Suez Hans Limited are Marshall Islands corporations and the respective owners of the ocean-going tankers M/T SUEZ RAJAN and M/T SUEZ HANS (herein, "Vessels").  Suez Rajan Limited and Suez Hans Limited chartered (leased) their respective vessels to Sanko.

4.    Sanko is a corporate entity located in Japan which charters, owns and operates ocean going vessels, including the Vessels which it chartered from plaintiffs.
Breach of Contracts

5.    Plaintiffs incorporate the above paragraphs as if specifically set forth herein.

6.    Sanko is in breach of its charter parties with plaintiffs for the charters of the respective Vessels.  Despite the clear and agreed terms of the charters, which Sanko does not dispute, Sanko has announced that it is unable to meet its obligations and therefore will only pay plaintiffs a portion of what Sanko agreed to pay for the charter of plaintiffs' Vessels.  Plaintiffs do not agree and have not agreed to this and have insisted that Sanko fully perform according to the charter parties for the Vessels.

7.    Despite demand, Sanko has failed to meet its obligations to plaintiffs under the charter parties for the Vessels, as follows:

To plaintiff Suez Hans for unpaid charter amounts due and owing for the charter of the M/T SUEZ HANS, to and including June 25, 2012, for a total of USD $585,900.

To plaintiff Suez Rajan for unpaid charter amounts due and owing for the charter of the M/T SUEZ RAJAN, to and including June 15, 2012, for a total of USD $269,501.94, for a total amount of

USD $855,401.94 due and owing to plaintiffs, plus additional amounts which shall become due and owing.

8.      This Court therefore should enter judgment against Sanko, as set out in the Prayer for Relief, infra.

## Count II: Maritime Attachment and Garnishment (Rule B)

9.      Plaintiffs incorporate the above paragraphs as if specifically set forth herein.

10.      On information and belief, Sanko has property within this District; to wit, accounts receivable owed to Sanko by the garnishees.

11.    Sanko cannot be found within this District pursuant to Supplemental Rule B, and this Court therefore should issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B attaching all of Sanko's tangible or intangible property or any other funds held by garnishees on behalf of Sanko, up to the amount of at least the amount demanded herein to secure Plaintiffs' claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint, as more fully set out below.

**Prayer for Relief**

WHEREFORE, Plaintiffs pray:

     A.    That in response to Count I, judgment be entered against Sanko in the amount of at least USD $855,401.94, plus each amount due under the respective Charter Parties thereafter, plus contractual interest running, plus attorneys fees and related costs as provided by the Charter Parties and their incorporated English Law, plus all other fees and costs as provided in the respective Charter Parties plus the costs of this action;

     B.    That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Plaintiffs' claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint; and

/

[Continued on Next Page]

/

- 4 -

C.      That this Court award Plaintiffs such other and further relief that this

Court deems just and proper.

Respectfully submitted this 14th day of June 2012:


_____//s// John Wiley Horton_____
J. Wiley Horton
Florida Bar 0059242
Adrienne C. Love
Florida Bar 21835
PENNINGTON, MOORE, WILKINSON,
BELL & DUNBAR, P.A.
215 S. Monroe Street, 2nd Floor
Tallahassee, FL 32301
Telephone: (850) 222-3533
Facsimile: (850) 222-2126
wiley@penningtonlaw.com
adrienne@penningtonlaw.com


OF COUNSEL:
J. Stephen Simms
John T. Ward
SIMMS SHOWERS LLP
20 South Charles Street, Suite 702
Baltimore, Maryland 21201
Tel:     (410) 783-5795
Fax:     (410) 510-1789
Email: jssimms@simmsshowers.com
Email: jtward@simmsshowers.com

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, of counsel to Plaintiffs. The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiffs made available to me by Plaintiffs.  Authorized officers of Plaintiffs are not readily available in this District to make verifications on Plaintiffs' behalf.  I am authorized to make this verification on Plaintiffs' behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District of Sanko, finding no presence of Sanko in this District.  There is no record of any general or resident agent authorized to accept service of process for Sanko in this District.

Pursuant to 28 U.S.C. §1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on June 13, 2012.

J. Stephen Simms